## SPOONER v. LEFEVRE, appellant.

*Reference — findings of fact by referee — items of account.*

In an action where the parties had mutual claims against each other on account, the referee made a general finding in favor of the plaintiff, but gave no items of account. *Held*, that the referee should have required the parties to present their accounts in the form of debtor and creditor, and should, in his findings, have stated the items allowed distinctly. *Ketchum* v. *Clark*, 22 Barb. 319 ; Code, § 272.

Every judgment rendered by a referee should rest upon facts warranting it. distinctly and explicitly found and stated. *Buckingham* v. *Payne*, 36 Barb. 81; *Armstrong* v. *Bricknell*, 2 Lans. 221; *Smith* v. *Denier*, 23 N. Y. 365.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*John T. Pingree,* for appellant.

*H. V. Howland,* for respondent.

E. DARWIN SMITH, J.

The opinion is mainly devoted to a consideration of the evidence. The head-note contains the only points of importance passed upon, and it is not believed necessary to give the opinion in full.

*New trial granted.*

---

## PEOPLE *ex rel.* COMMISSIONERS OF HIGHWAYS OF LEE, appellants, v. WILSON.

APPEAL from an order made at special term by Mr. Justice HARDIN, refusing to set aside an order of Mr. Justice DOOLITTLE. The last-named order was made September 14, 1870, in an action by one Whitman and others, against O'Connor and others, commissioners of highways, of Lee and Annsville, Oneida county, adjoining towns, and directed the said commissioners to rebuild a bridge which crossed a creek forming a boundary between the towns. Proceedings on the order was stayed, and an appeal taken. The court of appeals sustained the order, and a motion was made at the Oneida special term to compel the carrying out of the order. At the same time, the motion in this proceeding was made. The order was never enforced, and the highway leading over the bridge in question was, in 1871, discontinued by the commissioners of Lee.

The general term declined to hear the appeal, upon the ground that the appeal papers were defective, and the matter was not before the court, but intimated that in case the same was properly before the court the decision of the special term would be sustained.

*J. I. Sayles,* for appellant.

*A. H. Bailey,* for respondent.

TALCOTT, J.

---

## COOGAN v. MAYOR, ETC., OF NEW YORK.

*Practice — verdict subject to opinion of court at general term.*

On a trial at the circuit, the court directed a verdict for the plaintiffs, subject to the opinion of the court at general term, on a case. The court, at general term, set aside the verdict, upon the ground that plaintiff was not legally entitled to recover. Upon a motion for re-argument, *held* (following *Cobb* v. *Cornish,* 16 N. Y. 602), that this was simply a mistrial; that the proper course was for the general term to review the proceedings and order a new trial, but the former decision having accomplished the same end a re-argument should be denied.

MOTION for a re-argument in three actions against the same defendant, brought by James Coogan, James Brennan and Michael Dolan, for services as court officers. The court at circuit directed a verdict for plaintiffs, subject to the opinion of the court at general term. An argument was had in May, 1873, after which the verdicts at the circuit were set aside upon the ground that the plaintiffs were not legally appointed to the offices they claimed to hold. An abstract of the opinion at the general term upon that argument, will be found in 9 Alb. Law Jour. 143, *sub nom. Brennan* v. *Mayor of New York.*

*Franklin Bartlett,* for plaintiffs.

*D. J. Dean,* for defendant.

DAVIS, P. J.

The head-note fully states the point passed upon in the opinion, a publication of which in full is believed unnecessary.

*Motion denied.*